IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,612-01






EX PARTE ELOY JASSO CEDILLO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-0256-03-D IN THE 206TH DISTRICT COURT


FROM HIDALGO COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of
aggravated sexual assault of a child and eight counts of indecency with a child and sentenced to 25
years' confinement on the aggravated sexual assault count and 15 years' confinement on the
indecency counts. The Thirteenth Court of Appeals affirmed his convictions. See Cedillo v. State,
No. 13-03-00689-CR, (Tex. App. - Corpus Christi, 2007, pet ref.) (not designated for publication.)

 Applicant contends inter alia that his trial counsel rendered ineffective assistance because
counsel failed to object to the admission of E.G.'s testimony concerning an extraneous offense on
the basis that it was irrelevant and that its probative value was outweighed by its prejudicial effect. 
He also alleges that counsel was ineffective because he failed to request a limiting instruction with
regards to the jury's use of E.G.'s testimony concerning an extraneous offense when it was admitted
and again in the final jury charge. Applicant has alleged facts that, if true, might entitle him to relief. 
Strickland v. Washington, 466 U.S. 608 (1984). 

 On November 11, 2008, this Court remanded this application to get an affidavit from trial
counsel. On April 10, 2009, the trial court forwarded a supplemental record to this Court containing
an affidavit from trial counsel along with the court's supplemental findings of fact and conclusions
of law. However, trial counsel's affidavit does not address the merits of Applicant's claims. In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) to resolve the fact issues. 
In the appropriate case, the trial court may rely on its personal recollection. Id. The trial court shall
order trial counsel to respond to Applicant's allegations of ineffective assistance of counsel by either
filing a supplemental affidavit or appearing at a habeas hearing to give live testimony. If trial
counsel is unable to recall the strategic reasons for his actions, counsel shall base his response on
either his review of his file from Applicant's trial or his review of the transcription of the court
reporter's notes from Applicant's trial. Trial counsel shall respond to the following: (1) whether
counsel objected to E.G.'s testimony on the basis that it was irrelevant and that its probative value
was outweighed by its prejudicial effect, and, if not, shall detail the strategic reason for not objecting;
and, (2) whether counsel requested a limiting instruction with regards to the jury's use of E.G.'s
testimony concerning an extraneous offense when it was admitted and again in the final jury charge
and, if not, shall detail the strategic reason for not requesting such instructions. The trial court shall
also order appellate counsel to file an affidavit addressing the following: (1) whether appellate
counsel reviewed trial counsel's file in this case and, if so, what information the file contained; (2)
whether appellate counsel believes that trial counsel had a strategic reason for not objecting when
the extraneous offense evidence was admitted in the guilt phase and, if so, shall detail such reason;
(3) whether appellate counsel believes that trial counsel had a strategic reason for not requesting that
a limiting instruction be given with regards to the jury's consideration of extraneous offense
evidence in the guilt phase and, if so, shall detail such reason; and, (4) whether appellate counsel
believes that trial counsel rendered ineffective assistance of counsel in this case and, if so, shall
detail the reason for such belief.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
Specifically, the trial judge shall make findings of fact as to whether counsel objected to E.G.'s
testimony on the basis that the testimony was irrelevant and that its probative value was outweighed
by its prejudicial effect and, if not, as to why counsel did not object. The trial judge shall also make
findings of fact as to whether counsel requested a limiting instruction with regards to the jury's use
of E.G.'s testimony concerning an extraneous offense when it was admitted and again in the final
jury charge and, if not, as to why counsel did not request such instructions. The trial court shall
make findings of fact as to whether trial counsel has misplaced Applicant's file. The trial court shall
also make findings of fact as to whether appellate counsel believes that trial counsel rendered
ineffective assistance of counsel in this case. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: July 1, 2009

Do not publish